UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| WILLIAM PATRICK REED, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 09-16-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANKLIN CIRCUIT COURT, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff William Patrick Reed is a prisoner in the Daviess County Detention Center proceeding *pro se* on a 42 U.S.C. § 1983 Complaint. Pursuant to the Prison Litigation Reform Act, Reed's Complaint must be screened pursuant to 28 U.S.C. § 1915A before his lawsuit can proceed. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1998) (overruled on other grounds). The purpose of the screening is to identify and dismiss claims that are "frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *Gritner v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008).

**I.    Analysis**

Reed is currently serving six years in state prison for possession of a controlled substance and for possession of a firearm by a convicted felon. On April 13, 2009, he filed a pro se § 1983 Complaint naming the Franklin Circuit Court, several Frankfort police officers, and a local newspaper as Defendants. Reed alleges that the Frankfort Circuit Court violated his

constitutional rights by accepting his guilty plea on the gun charge which he claims should have been barred by double jeopardy. He also claims the police officers violated his constitutional rights by falsifying paperwork and evidence, and by bearing false witness against him to the grand jury, all of which he claims led to him being falsely indicted on the drug charge. It is unclear which constitutional rights the State Journal allegedly violated. It appears his only accusation against the State Journal is that it printed his name in connection with the drug charge. Reed wants a thorough investigation into these alleged constitutional violations – and he ultimately wants to be released from prison. The Court need not address the merits of Reed's Complaint, because his claims are barred by the habeas exception to 42 U.S.C. § 1983.

Federal courts have long recognized the potential for prisoners to evade habeas exhaustion requirements by bringing challenges to the fact or duration of their confinement under § 1983. *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007). Thus, the Supreme Court has recognized a "habeas exception" to § 1983 and held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and are not cognizable under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Reed alleges his imprisonment is unconstitutional, because: (1) deliberately falsified evidence and grand jury testimony led to the indictment charging him with possession of cocaine, and (2) double jeopardy precluded the Commonwealth from charging him with possession of a firearm by a convicted felon. Since *Preiser*, the Supreme Court has repeatedly held that challenges to a prisoner's underlying conviction "that necessarily demonstrate the invalidity of the confinement's legality . . . can only be brought under habeas." *Terrell v. United*

*States*, No. 07-2546, 2009 U.S. App. LEXIS 6395, *8–9 (6th Cir. Mar. 26, 2009) (citations omitted). These are precisely the type of challenges asserted by Reed. Accordingly, relief under § 1983 is not available. Further, his pending motion to amend his Complaint does not cure the deficiencies in his pleading.

## II. Conclusion

William Patrick Reed's Complaint [Record No. 2] is **DISMISSED,** without prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because he has failed to state a claim upon which relief could be granted. Reed's Motion to Amend his Complaint [Record No. 4] is **DENIED**.

This 13th day of May, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge